UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONALD PERRY, | |
| Plaintiff, | 21-CV-8039 (LTS) |
| -against- | ORDER TO AMEND |
| ADW MALONEY; WARDEN MORALES, | |
| Defendants. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the George R. Vierno Center (GRVC) on Rikers Island, paid the $5.00 fee to bring this *pro se* action under 28 U.SC. § 2241, alleging violations of his constitutional rights. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant

rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

The complaint sets forth the following facts. Plaintiff has been detained at GRVC since June 1, 2021. (ECF 1 ¶9d.) On July 26, 2021, Plaintiff was charged with an unspecified infraction. (*Id.* ¶ 7.) On July 29, 2021, more than 72 hours after the incident, Captain # 1141 signed the misbehavior report. (*Id.* ¶ 9.) On August 3, 2021, Captain # 1718 presided over a disciplinary hearing. (*Id.* ¶ 7.) Plaintiff "pleaded guilty with explanation as still shot photos and infraction prove[d]" that Plaintiff had been "defending" himself. (*Id.* ¶ 9a.) Plaintiff did not receive a copy of the misbehavior report until after he pleaded guilty. Plaintiff was sentenced to 15 days of "punitive segregation," but he was in "the box" from July 28, 2021, through August 26, 2021, because he "supposedly owe[d] box time from 2012." (*Id.*)

After Plaintiff was released from punitive segregation, he was placed in "ESH [Enhanced Supervision Housing] level one, which is another type of punitive segregation." (*Id.*) On August 31, 2021, Plaintiff pleaded not guilty at an "ESH hearing," but he never received a decision, and he remains in ESH housing. Plaintiff asserts that he is being denied access to "most programs," and that he did not receive "law library services" until September 22, 2021. (*Id.* ¶ 9b, c.) On September 20, 2021, Plaintiff gave Officer Campbell # 14840 a "statement" about these events to give to Deputy Cody, but he does not know if Deputy Cody ever received it. (*Id.*) Plaintiff has "received negative feedback from the staff since the statement." (*Id.*)

Plaintiff names as defendants ADW Maloney and Warden Morales, and he asks the Court to investigate these matters, "overturn these punitive segregation decisions," and award him damages for each day that he spent "in the box and ESH." (*Id.* ¶ 10.)

## DISCUSSION

A.    *Habeas* **claim**

Plaintiff filed this matter under 28 U.S.C. § 2241. Under Section 2241(c)(3), *habeas corpus* relief is available to a person "in custody in violation of the Constitution or laws or treaties of the United States." A prisoner in state custody must generally challenge his confinement in a *habeas corpus* petition under 28 U.S.C. § 2254, but such relief is available under Section 2241 as to a state pretrial detainee challenging his custody as unlawful under the Constitution or federal law.[1] *See e.g.*, *Nieves v. Farber*, No. 1:20-CV-0990 (LJL), 2020 WL 1529454, at *3 (S.D.N.Y. Mar. 30, 2020); *Henry v. United States*, No. 11-CV-391, 2014 WL 7075800, at *2 (E.D.N.Y. Dec. 12, 2014) (noting that "courts in this Circuit have construed pretrial habeas petitions as arising under Section 2241"); *Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013).

Before seeking Section 2241 *habeas corpus* relief, however, a state pretrial detainee must first exhaust his available state-court remedies. *See Jordan v. Bailey,* 985 F. Supp. 2d 431, 436

---

[1] Section 2241 is an available remedy for federal pretrial detainees challenging the conditions of their confinement in a federal facility. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *see, e.g.*, *Ilina v. Zickefoose*, 591 F. Supp. 2d 145, 150 (D. Conn. 2008) (noting that "the Second Circuit has repeatedly and consistently held § 2241 to be a proper vehicle for asserting conditions-of-confinement claims, without limitation"). But whether state pretrial detainees may also challenge conditions of confinement in a Section 2241 petition is an open question in this Circuit. *McPherson v. Lamont*, 457 F. Supp. 3d 67, 75 n.3 (D. Conn. 2020) (noting that "eight of the eleven circuits that have addressed the issue have concluded that claims challenging prison conditions cannot be brought in a § 2241 habeas petition, but must instead be brought under § 1983"). *But see Brady v. Wolcott*, No. 20-CV-580, 2020 WL 3270378, at *4 (W.D.N.Y., 2020) (declining to follow *McPherson*, which "involved a mixed group of sentenced and pre-trial prisoners in state custody and relied on Second Circuit cases, *Roccisano v. Menifee*, 293 F.3d 51 (2d Cir. 2002), and *Adams v. United States*, 372 F.3d 132 (2d Cir. 2004), that addressed *federal* prisoners' habeas claims).

(S.D.N.Y. 2013) (citing *United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976)) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."); *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.*

Here, Plaintiff provides no facts suggesting that he has exhausted his state-court remedies. Because Plaintiff does not show that he exhausted his available state-court remedies before filing his Section 2241 petition, the Court denies this application without prejudice.

**B.     Claim for damages**

1.     Due process claims

Plaintiff asserts that Defendants placed him in punitive segregation in violation of his due process rights, and the Court construes these claims as arising under 42 U.S.C. § 1983. *See Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008) (noting that there is no "basis . . . for the view that a petitioner may not seek relief under both a *habeas* statute and [42 U.S.C.] § 1983 in a single pleading.")

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). A plaintiff proceeding under Section 1983 must also allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y.*

*State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under Section 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official . . . ." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Before correction officials may impose restraints on a pretrial detainee's liberty for disciplinary reasons, the pretrial detainee is entitled to the due process protections outlined in *Wolff v. McDonnell*, 418 U.S. 539, 563-68 (1974), which include the right to receive timely notice of charges before a hearing, a written statement of evidence relied on, reasons for the disciplinary action being taken, and the opportunity to present witnesses and documentary evidence, *see Benjamin v. Fraser*, 264 F.3d 175, 190 (2d Cir. 2001).

Under the New York City Department of Correction's Directive #6500R-E,

> [t]he infraction hearing of an inmate in PHD [Pre-Hearing Detention] shall be completed within three (3) business days of the inmate's transfer to PHD housing whenever possible but the inmate shall not be held in PHD for more than seven (7) business days. If the hearing is not held in such time, the inmate must be released from PHD.

*See* Inmate Disciplinary Due Process, Directive 6500R-E, § III(C)(2)(b), Jan. 23, 2016. The right to a hearing within a specific period of time is not among the protections outlined in *Wolff*, 418 U.S. at 563-68, and the New York City Department of Correction's failure to follow its own

regulations does not itself rise to the level of a constitutional violation, *see, e.g.*, *Taylor v. Santana*, No. 05-CV-1860, 2007 WL 737485, at *6 (S.D.N.Y. Mar. 6, 2007) (noting that "defendants' failure to follow state regulations does not amount to a constitutional violation."), *aff'd sub nom. Taylor v. Comm'r of New York City Dep't of Corr.*, 317 F. App'x 80 (2d Cir. 2009). But no matter what process is constitutionally due, it "must be granted at a meaningful time and in a meaningful manner." *Proctor v. LeClaire*, 846 F.3d 597, 609 (2d Cir. 2017) (quotation marks and citations omitted).

Plaintiff alleges that his due process rights were violated when he did not receive a copy of the misbehavior report before the disciplinary hearing. Plaintiff also claims that he served more time in punitive segregation than the sentence imposed, apparently because he was required to serve time in connection with a 2012 infraction. Additionally, Plaintiff alleges that he remains in ESH, another form of punitive segregation, and that there has been no decision from a hearing that took place on August 31, 2021.

The complaint names as defendants ADW Maloney and Warden Morales, but there are no facts in the complaint showing how they were personally involved in Plaintiff's hearing and detention. Conversely, Plaintiff refers to correction officials in the body of the complaint, who were allegedly involved in the underlying events, but he does not name those individuals as defendants. The Court therefore grants Plaintiff leave to file an amended complaint naming as defendants those individuals who were personally and directly involved in violating his rights. Plaintiff should reallege the facts alleged in the original complaint, and add any other facts in support of his claim that those defendants violated his right to due process.

### 2.      Conditions-of-confinement claims

The Court construes Plaintiff's allegations as asserting that correction officials were deliberately indifferent to conditions of Plaintiff's confinement that posed a serious threat to his health or safety. Because Plaintiff was likely a pretrial detainee during the events that are the basis for his claims, the Court understands that his claims arise under the Due Process Clause of the Fourteenth Amendment. If he was a convicted prisoner, his claims would arise under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979), *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Irrespective of whether Plaintiff was a pretrial detainee or a convicted prisoner at the time of the alleged events, he must satisfy two elements to state such a claim: (1) an "objective" element, which requires a showing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Darnell*, 849 F.3d at 29.

The requirements for the objective element of this type of claim is the same for pretrial detainees and convicted prisoners – "the inmate must show that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Id.* at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)); *see also Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."). "[P]rison officials violate the Constitution when they deprive an inmate of his basic human needs such as food, clothing, medical care, and safe and sanitary living conditions." *Walker*, 717 F.3d at 125 (internal quotation marks omitted).

The requirements for the second element – the "subjective" or "mental" element – vary depending on whether a plaintiff is a pretrial detainee or convicted prisoner. A convicted prisoner must allege that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). A pretrial detainee must allege "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id*. at 35. The mere negligence of a correction official is not a basis for a claim of a federal constitutional violation under Section 1983. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Because it appears that Plaintiff is a pretrial detainee, the more generous standard under the Due Process Clause of the Fourteenth Amendment applies.

Plaintiff alleges that he has been denied access to "most programs," but he does not provide any details about this claim. Without additional contexts and facts, this bare allegation is not sufficient to state a claim that Defendants acted in a manner posing an excessive risk to Plaintiff's health or safety. Should Plaintiff want to bring a conditions-of-confinement claim, in his amended complaint, he should provide facts in support of such a claim.

3.    Access-to-court claim

Prisoners "have a constitutional right of access to the courts," and this right generally "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons

trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92-93 (2d Cir. 2004) (quoting *Bounds v. Smith,* 420 U.S. 817, 821, 828 (1977)). "[P]rison law libraries and legal assistance programs are not [constitutionally mandated] ends in themselves, but only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey,* 518 U.S. 343, 351 (1996) (internal quotation marks omitted).

To state an access-to-courts claim, a plaintiff must allege facts suggesting that he has a valid underlying cause of action separate from the right-of-access claim, in which the defendant's actions hindered the litigation of that claim, causing an actual injury to the plaintiff. *See Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353). Individuals who are imprisoned "cannot establish relevant actual injury simply by establishing that [a] prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis*, 518 U.S. at 351.

Moreover, prison law libraries are "one constitutionally acceptable method to assure meaningful access to the courts," *id.*; the assignment "of counsel [also] can be a means of accessing the courts," *Benjamin,* 264 F.3d at 186.

> Because attorneys, by definition, are trained and qualified in legal matters, when a prisoner with appointed counsel claims that he was hindered by prison officials in his efforts to defend himself or pursue other relevant legal claims, he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts.

*Bourdon*, 386 F.3d at 98.

Here, Plaintiff fails to state an access-to-courts claim for two reasons. First, Plaintiff does not identify the nature of the "nonfrivolous, 'arguable' underlying claim" he is pursuing. *Harbury*, 546 U.S. at 415. Second, if Plaintiff is pursuing a meritorious legal issue arising from his criminal proceedings, he does not state any facts suggesting that he lacked access to his

criminal defense attorney, who on Plaintiff's behalf, is capable of pursuing any meritorious claim. Thus, any delay in granting Plaintiff access to the law library does not suggest any denial of his right of access to the courts. The Court therefore grants Plaintiff leave to amend his complaint to provide any additional facts suggesting that he was hindered from pursuing an arguably meritorious legal claim for which he is not represented by counsel.

4.    Filing fee

To proceed with a petition for a writ of *habeas corpus* in this Court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

To proceed with most other types of civil actions in this Court, a prisoner must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request permission to proceed IFP, that is, without prepayment of fees, submit a signed IFP application and a prisoner authorization. *See* 28 U.S.C. §§ 1914, 1915. If the Court grants a prisoner's IFP application, the Prison Litigation Reform Act (PLRA) requires the Court to collect the $350.00 filing fee in installments deducted from the prisoner's prison trust fund account. *See* 28 U.S.C. § 1915(b)(1).

A prisoner seeking to proceed in this Court without prepayment of fees must also authorize the Court to withdraw these payments from his prison trust fund account by filing a "prisoner authorization," which directs the facility where the prisoner is incarcerated to deduct the $350.00 filing fee[2] from the prisoner's prison trust fund account in installments and to send

---

[2] The $50.00 administrative fee for filing a civil action does not apply to persons granted IFP status under 28 U.S.C. § 1915.

to this Court certified copies of the prisoner's account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b); *Bruce v. Samuels*, 136 S. Ct. 627, 628 (2016); *Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010) (noting that under the PLRA, "prisoner-litigants granted [IFP] status must pay the full amount of the filing fee to the extent they can afford to, as measured by the funds in their prison accounts. 28 U.S.C. § 1915(b)(1). The fees are paid through periodic debits from the plaintiff's prison account, which are forwarded to the court by the custodial agency") A plaintiff cannot evade the filing fee restrictions imposed upon prisoners by bringing civil rights claims and *habeas* claims in a single pleading. *See, e.g., Taylor v. Supreme Court of New York*, No. 13-CV-4621, 2013 WL 5537133, at *4 (E.D.N.Y. Oct. 7, 2013).

As explained above, Plaintiff's petition for habeas corpus relief is denied without prejudice to renewal following the exhaustion of state court remedies. If Plaintiff wishes to continue this lawsuit at this time to pursue a civil rights claim for damages, he must submit an IFP application and a prisoner authorization, which will authorize the Court to deduct the $350 filing fee in installments from his prison trust fund account.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v.*

*USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

    a)  the names and titles of all relevant people;

    b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

    c)  a description of the injuries Plaintiff suffered; and

    d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**CONCLUSION**

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 21-CV-8039 (LTS). Plaintiff must also submit an IFP application and prisoner authorization. Attached to this order are an Amended Civil Rights Complaint form, IFP application, and prisoner authorization. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed without prejudice for failure to comply with the Court's order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:    December 27, 2021
          New York, New York

                                        /s/ Laura Taylor Swain
                                        _____
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff or petitioner applying (each person
must submit a separate application))

-against-

_____

_____

(full name(s) of the defendant(s)/respondent(s))

_____  CV  _____  (   )  (   )

(Provide docket number, if available; if filing this with
your complaint, you will not yet have a docket number.)

## APPLICATION TO PROCEED WITHOUT PREPAYING FEES OR COSTS

I am a plaintiff/petitioner in this case and declare that I am unable to pay the costs of these proceedings and I believe that I am entitled to the relief requested in this action. In support of this application to proceed *in forma pauperis* (IFP) (without prepaying fees or costs), I declare that the responses below are true:

1. *Are you incarcerated?*  ☐  Yes  ☐  No  (If "No," go to Question 2.)
   I am being held at: _____

   Do you receive any payment from this institution?  ☐  Yes  ☐  No

   Monthly amount: _____

   If I am a prisoner, *see* 28 U.S.C. § 1915(h), I have attached to this document a "Prisoner Authorization" directing the facility where I am incarcerated to deduct the filing fee from my account in installments and to send to the Court certified copies of my account statements for the past six months. *See* 28 U.S.C. § 1915(a)(2), (b). I understand that this means that I will be required to pay the full filing fee.

2. Are you presently employed?  ☐  Yes  ☐  No

   If "yes," my employer's name and address are:

   Gross monthly pay or wages: _____

   If "no," what was your last date of employment? _____

   Gross monthly wages at the time: _____

3. In addition to your income stated above (which you should not repeat here), have you or anyone else living at the same residence as you received more than $200 in the past 12 months from any of the following sources? Check all that apply.

   (a) Business, profession, or other self-employment  ☐  Yes  ☐  No
   (b) Rent payments, interest, or dividends  ☐  Yes  ☐  No

(c) Pension, annuity, or life insurance payments ☐ Yes ☐ No

(d) Disability or worker's compensation payments ☐ Yes ☐ No

(e) Gifts or inheritances ☐ Yes ☐ No

(f) Any other public benefits (unemployment, social security, food stamps, veteran's, etc.) ☐ Yes ☐ No

(g) Any other sources ☐ Yes ☐ No

If you answered "Yes" to any question above, describe below or on separate pages each source of money and state the amount that you received and what you expect to receive in the future.

If you answered "No" to all of the questions above, explain how you are paying your expenses:

4. How much money do you have in cash or in a checking, savings, or inmate account?

5. Do you own any automobile, real estate, stock, bond, security, trust, jewelry, art work, or other financial instrument or thing of value, including any item of value held in someone else's name? If so, describe the property and its approximate value:

6. Do you have any housing, transportation, utilities, or loan payments, or other regular monthly expenses? If so, describe and provide the amount of the monthly expense:

7. List all people who are dependent on you for support, your relationship with each person, and how much you contribute to their support (only provide initials for minors under 18):

8. Do you have any debts or financial obligations not described above? If so, describe the amounts owed and to whom they are payable:

*Declaration:* I declare under penalty of perjury that the above information is true. I understand that a false statement may result in a dismissal of my claims.

_____     _____
Dated                                               Signature

_____     _____
Name (Last, First, MI)                      Prison Identification # (if incarcerated)

_____     _____
Address                    City                        State          Zip Code

_____     _____
Telephone Number                            E-mail Address (if available)

IFP Application, page 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

(full name of the plaintiff/petitioner)

-against-

CV _____ (    ) (    )

(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

_____

(full name(s) of the defendant(s)/respondent(s))

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1)  because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

(2)  the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1)  send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2)  calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

_____                    _____
Date                                                Signature

_____
Name (Last, First, MI)                             Prison Identification #

_____
Address                          City                   State       Zip Code

_____

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 10/26/16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____
Write the full name of each plaintiff.



-against-

_____

_____

_____

_____
Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____
(Include case number if one has been assigned)

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 5/20/16

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                    Middle Initial              Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                              State                    Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

First Name                         Last Name                              Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                       Zip Code

Defendant 2:

First Name                         Last Name                              Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                       Zip Code

Defendant 3:

First Name                         Last Name                              Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                       Zip Code

Defendant 4:

First Name                         Last Name                              Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                          State                       Zip Code

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Prison Address

| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____